**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| SIGFREDO MUNOZ PEREZ, | : | CASE NO. 05-01021(SEK) |
| DEBTOR | : | CHAPTER 7 |
| ------------------------------ | | |
| WILFREDO SEGARRA MIRANDA, TRUSTEE, | : | |
| PLAINTIFF | : | ADV. NO. 07-00020 |
| v. | : | |
| GLADYS HERNANDEZ MELENDEZ, | : | |
| DEFENDANT | : | |
| ------------------------------ | | |

FILED & ENTERED

DEC 2 8 2007

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

**JUDGMENT**



Judgment by default is hereby entered authorizing the Trustee to sell Debtor's former residence more fully described in the complaint to Elizabeth Busigó Cuebas, free and clear of any interest the Defendant might have in said realty, and authorizing the Trustee to procure the eviction of the Defendant from said residence, should she refuse to vacate it once this judgment becomes final and unappealable.

Entry of judgment by default, authorizing the Trustee to deduct $21,865.20 from the sale's net proceeds due to the Defendant on account of her use and occupancy of the property from January 17, 2001 through February 16, 2007, is denied.

Reasons for entry of this judgment by default are contained

in a separate opinion and order of this same date, incorporated herein.

**SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, on December 17, 2007.

SARA DE JESUS
U.S. Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN THE MATTER OF                    :

SIGFREDO MUNOZ PEREZ,               :      CASE NO. 05-01021(SEK)

    DEBTOR                          :      CHAPTER 7

------------------------------

WILFREDO SEGARRA MIRANDA,           :
TRUSTEE,
    PLAINTIFF                       :      ADV. NO. 07-00020

       v.                         :

GLADYS HERNANDEZ MELENDEZ,          :

    DEFENDANT                       :
------------------------------



**OPINION AND ORDER**

The Trustee requests entry of judgment by default that would allow him to sell Debtor's former residence ("the property"), free and clear of Defendant's interest, and later evict the Defendant, and collect rent due to the estate from her share of sale's net proceeds.  We grant first and second request, denying the third one, for reasons that follow.

**Background**

Debtor was married to the defendant.  During their marriage, they purchased their residence located in Carolina, P. R. The marriage was dissolved by a divorce decree entered on January 17, 2001.  After the divorce, Defendant continued living in the residence along with their son, apparently paying some of the

monthly mortgage installments due to mortgagor, Doral Financial Corp. She ceased making these payments, and the mortgagor sued the former spouses for collection of money and execution of its mortgage lien in the Insular courts. The local Courts entered a judgment. Debtor then filed for bankruptcy protection under Chapter 7.

Once appointed, the Trustee filed this suit against the former spouse that would enable him to sell the residence to Elisabeth Busigó Cuebas for $115,000.00, as per her offer dated September 26, 2006 attached to the complaint. The Trustee also sought to evict the former spouse, collect rent for her use and occupancy of the residence from January 17, 2001 until February 16, 2007 when, he filed the complaint, and distribute sale proceeds in the manner described by twelfth paragraph of the complaint. This paragraph states he will deliver $5,644.80 to the Defendant, deducting $21,865.20 from her 50% of the net sale proceeds due for her use and occupancy, or rent due for the mentioned period.

The Trustee served the complaint and summons as required by law. Defendant did not answer or otherwise plead. The Clerk entered default on May 21, 2007, and the Trustee filed his first motion for entry of judgment by default fifteen days later. We were unable to enter the judgment for the following reasons. First, we noted the divorce decree granted custody of a minor

2

child to the Defendant and that was presumably living in the residence the Trustee wanted to sell. Pursuant to the provisions on 31 Laws of P.R. Ann. § 385a, this minor might have an interest in the residence which was not considered by the Trustee. Next, we were not sure why the Trustee determined that Debtor and Defendant each had a 50% interest in the residence. Lastly, the Trustee did not explain the basis in bankruptcy or applicable non bankruptcy law for collecting rent an adjusting Defendant's share of the sale proceeds accordingly. We ordered the Clerk to schedule a hearing citing Quirindongo v. Rolón, 953 F.2d 15 (1st Cir. 1992).

Meanwhile, the Trustee produced a title study showing the residence was not encumbered by the "Hogar Seguro" pursuant to 31 Laws of P.R. Ann. § 385a. He also referred to Schedules showing the minor son was by now over twenty one years of age. He produced the suit filed by the Mortgagor and deed of sale whereby Debtor and Defendant were presumed, under applicable non bankruptcy law, to each have a 50% undivided interest in the residence. This was followed by a memoranda of law concerning the lawfulness of the adjustment to the net sales proceeds due to the Defendant's use and occupancy mentioned in the twelfth paragraph of the complaint.

We are satisfied that judgment by default can be entered with respect to the first two causes of action in the complaint,

3

that is, authorizing the sale of the estate's and Defendant's undivided interests in the property to Ms. Busigó Cuebas, followed by Defendant's eviction should she refuse to vacate the residence.  Hence, the controversy is reduced to the estate's right to recuperate rent for Defendant's use and occupancy of the residence for the mentioned time frame.

### Discussion

We must decide this issue by referring to the laws of the Commonwealth of Puerto Rico.  Butner v. United States, et al., 440 U.S. 48, 55; 99 S. Ct. 914; 50 L. Ed.2d 136 (1979).  Our task is made easier by Justice Liana Fiol Matta's opinion entered in the case of Díaz Lizardy v. Aguayo Leal, 2004 JTS 148, 2004 WL2085503 which has not been translated into English.  According to this opinion, the conjugal society existing while Debtor was married to the Defendant was replaced by a "comunidad de bienes" upon dissolution of their marriage by the divorce decree. Generally, while this "comunidad de bienes" exists, neither one of the former spouses can monopolize the property.  Should one of the former spouses maintain exclusive use and control over the property for his or her own elusive benefit, then the other one has a right to receive periodic payments, or a credit upon the dissolution of the "comunidad de bienes".  However, should the former spouse consent to the others exclusive use and occupancy of the property, then he waives his right of compensation.



4

Here, the Trustee does not allege the Debtor took steps that would require his former spouse to pay compensation for the use and occupancy of the residence.  In fact, the only evidence that we have of such action is this complaint filed by the Trustee on February 15th 2007.  Thus, a key element required by the law, Debtor's lack of consent to the use and occupancy of his residence by his former wife and son, is not alleged in this complaint.   Hence, the complaint is insufficient to support a judgment for requiring compensation for the use and occupancy of the residence by the former spouse from January 17, 2001 to February 16, 2007.  Consequently, the Trustee may not make the adjustment in the distribution of the net sale's proceeds contemplated in the twelfth paragraph of the complaint.

**SO ORDERED**, in San Juan, Puerto Rico, on December 17, 2007.

SARA DE JESUS
U.S. Bankruptcy Judge

5