### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **IN THE MATTER OF** | : | |
| SIGFREDO MUÑOZ PEREZ, | : | CASE NO. 05-01021(SEK) |
| DEBTOR | : | CHAPTER 7 |
| ------------------------------- | | |
| WILFREDO SEGARRA MIRANDA, as Chapter 7 Trustee for the Estate of Sigfredo Muñoz Pérez: | : | Adv. No. 07-0020 |
| Plaintiff | : | |
| v. | : | |
| GLADYS HERNANDEZ MELENDEZ, | : | |
| Defendant | : | |

**OPINION AND ORDER**

We denied the Trustee's request for entry of judgment by default in a cause of action for collection of rent due to Defendant's use and occupancy of a residence from January 17, 2001 until February 16, 2007.  The Trustee now requests we vacate our previous judgment and enter judgment by default granting his request.[1]

He claims that Debtor's consent to Defendant's use and



---

[1] Trustee premises his request upon FRBP 9023 which applies FRCP 59 to this adversary proceeding.  We are aware that, motions to alter or amend judgment "are granted only where the movant shows a manifest error of law or newly discovered evidence." *Kansky v. Coca-Cola Bottling Company of New England*, 492 F. 3d 54,60 (1st Cir. 2007).

1

occupancy of the residence owned in common is an affirmative defense that Defendant waived by not answering the complaint, and, since the filing of the petition for bankruptcy "must be considered as equivalent to an ordinary proceeding of liquidation of the community property", once the petition is filed, Debtor's consent is irrelevant.

We deny Trustee's motion, as a showing of Debtor's lack of consent to the use and occupancy of the residence is part of the *prima facie* case, which the Trustee must allege and prove. It is not an affirmative defense waived by the Defendant in this proceeding.[2] We disregard the Trustee's second argument raised for the first time here, as it is undeveloped and imprecise.

### Discussion

When entering a judgment by default, "a court may examine a plaintiff's complaint to determine whether it alleges a cause of action. In making that determination it must assume that all well pleaded factual allegations are true." *Quirindongo v. Rolón,* 953 F.2d 15, 16 (1st Cir. 1992) (Citations omitted). Under Fed.

---

[2] We acknowledge that under Fed. R. Of Civ. P. 8(c) certain specified defenses and "any other matter constituting an avoidance or affirmative defense" must be pleaded affirmatively. "The First Circuit test for whether a given defense falls within the Rule 8(c) 'residuary' clause is whether the defense 'shares the common characteristic of a bar to the right of recovery even if the general complaint were more or less admitted to'." *Wolf v. Reliance Standard Life Ins. Co.,* 71 F.3d 444,449 (1st Cir. 1995) (citations omitted). Here, entry of default means allegations in the "general complaint [were] more or less admitted to". But the admission of all factual allegations contained in the complaint does not give the Trustee the right of recovery he seeks, so that waiver of lack of consent is irrelevant.

2

R. Of Civ. P. 54 and Fed. R. Of Bankr. P. 7054, the court may award relief that "'shall not be different in kind ... or exceed the amount'... demanded in the pleadings. When the judgment entered is a default judgment, the pleadings control the relief that may be awarded, both as to the kind of relief and its scope." 10-54 *Moore's Federal Practice* - Civil § 54.71 (3rd ed.)

The complaint contains the following relevant allegations. Debtor filed a Chapter 7 petition on February 3, 2005. He scheduled his interest in real property located in Carolina, Puerto Rico ("the residence"), as an asset of this estate. Debtor's former spouse (the "Defendant"), is co-owner of the residence, and lived there without paying rent. Debtor and Defendant were divorced on January 17, 2001. Defendant paid the mortgage encumbering the residence until January 1st 2004, when she ceased making payments. Debtor does not currently live and has not lived in the residence since his divorce. The mortgage payment is $364.42 per month. The Trustee estimates Defendant owes the estate $21,865.20.

Pursuant to the laws of Puerto Rico, upon dissolution of the marriage by a divorce decree, the conjugal partnership created by the marriage is replaced by a common ownership of property.[3] *Soto López v. Colón Meléndez,* 143 D.P.R 282, 287 (1997);

---

[3] The most outstanding difference between partnership and common ownership of property is "that the latter is a partnership in repose, while a partnership is a common ownership in motion." *Daubón Belaval v. Secretary of the Treasury,* 6 P.R. Offic. Trans. 561 (1977).

*Montalván v. Rodríguez*, 161 D.P.R. 411 (2004). From the date the conjugal partnership ceases to exist and until liquidation of the common ownership of interests, "each participant may use the things held in common, provided he uses them in accordance with the purpose for which they are intended and in such a way as not to injure the interests of the common ownership, nor prevent the co-participants from utilizing them according to their rights". 31 Laws of P.R. Anno. § 1273.

The Supreme Court of Puerto Rico, citing J. Santos Briz, states that, an interest in property owned in common may be injured or adversely affected when one of the co-owners uses the common thing exclusively, ***precluding the others from using it.*** *Soto López v. Colón*, 143 D.P.R. 282, 289 (1997) (Our emphasis); *Díaz Lizardi v. Aguayo Leal*, 2004 WL 208553 at *1, 2004 JTS 148. Indeed, it is precisely at that moment, when the other co owners are excluded from using and enjoying the common thing, that their right to receive compensation arises. *Díaz Lizardi* 2004 WL 208553 at *6. The fact that one of the co-owners used the common property is not indicative of whether such co-owner precluded the others from enjoying it.[4] Thus, applicable non bankruptcy law



---

[4] "[E]l mero hecho del uso exclusivo por uno de los comuneros no es determinante al resolver si éste "impidió" a los demás copartícipes el ejercicio de igual derecho. En la situación hipotética de que el señor Aguayo Leal se hubiese mudado a residir sólo al inmueble, éste no hubiese necesariamente infringido el Ar. 328 del Código Civil, *supra*, porque estaría legítimamente haciendo efectivo su derecho de disfrutar la cosa común conforme a su destino, sin perjudicar los intereses de la comunidad y sin impedir que la señora Díaz Lizardi haga lo propio. La circunstancia agravante en este caso, sin embargo, es

provides the Trustee has the initial burden of establishing a *prima facie* case for collection of rent by pleading and proving: 1) Defendant is using the common property in accordance with the purpose for which it was intended, 2) for her exclusive benefit, and 3) preempting the other co owner(s) from enjoying the property according to his (their) rights.

The complaint does not allege Defendant used the residency for her exclusive benefit preempting Debtor from using and enjoying it according to his rights.[5] Furthermore, the pleadings here present a factual situation that is distinguishable from the one in *Díaz Lizardi,* which the Trustee relies upon. For example,



que el señor Aguayo Leal trajo a un tercero a participar del uso y disfrute del inmueble ...,y ello, por demás, impidió que la otra condueña se sirviera de los mismos conforme a su derecho. Máxime cuando ese tercero se trata del cónyuge del señor Aguayo Leal. Es precisamente por ésta particularidad que reconocemos que a la luz de los hechos aquí planteados, la señora Díaz Lizardi fue privada del uso y disfrute de su participación en la comunidad de bienes debido a la naturaleza del uso que le dió a la misma el señor Aguayo Leal." *Díaz Lizardi* 2004 WL 208553 at *11(Hernández Denton, F. concurring)

[5] As Albaladejo states: "[T]he right to possess is not exclusive to any co-owner, but that all have the right to own the thing in common. And, since it is undeniable that co-ownership can be effective as well as not (that is, that not all the co-owners may simultaneously have in their actual possession the entire property held in common), what the doctrine attempts to do is to express the actual possession by a sole co-owner of a thing held in common, before it can be considered his ownership, must be so as a result of the exercise of the ownership of all the other co-owners through him( holder of the others' rights, as well as holder of his own share) or as a case of mediate possession of the others' rights through his immediate possession". *Cintrón Vélez v. Cintrón De Jesús*, 20 P.R. Offic. Trans. 40 (1987), citing M. Albadalejo, V *Derecho Civil* § 21, p. 273 (1979).

the plaintiff in *Díaz Lizardi,* alleged she tried several times, without success, to recuperate furniture owned in common and to liquidate her common ownership interest in the real property. *Díaz Lizardi* 2004 WL 208553 at *7. Unlike the circumstances in *Díaz Lizardi*, the Trustee here does not allege Debtor was dissatisfied with Defendant's use of the common property; that Debtor tried without success to liquidate the estate's interest in the residence; nor that Defendant used the residence in a manner that precluded Debtor from using and enjoying it.[6] In the absence of such allegations, the fact that Defendant here continued to live with their children in the residency after the divorce, is insufficient to establish the *prima facie* case that she excluded Debtor, or denied him his right to use and enjoy the residence. *Meléndez v. Maldonado*, 2007 WL 2345112 at *5 (TCA).

In our previous opinion, we emphasized that the Trustee did not allege Debtor's lack of consent to Defendant's use of the residence after the divorce, precisely because said allegation would have established a *prima facie* showing that Defendant was using the property exclusively, injuring Debtor's interest, and preempting him from using and enjoying the property held in common. Because applicable non bankruptcy law requires the Trustee to establish a *prima facie* case of exclusive and preclusive use of the residency by the Defendant in order to

---

[6] In *Díaz Lizardi, Mr. Aguayo* married and brought his spouse to live in the house. This action shows his use and occupancy of the residence excluded his former fiancee and co owner of the house from using and enjoying it, a fact emphasized in the concurrent opinion of Chief Justice Hernández Denton.

6

collect rent for her use and occupancy, we did not commit the error of law claimed by the Trustee in the instant motion.

The Trustee's second argument is vague and not easily understood. It seems that the Trustee would have us treat the filing of the petition for bankruptcy as the initiation of a proceeding to liquidate Debtor's interest in the residence, without explaining how this treatment would change our decision. Aside from the fact that this argument is presented for the first time after entry of judgment, it is undeveloped and imprecise. *U.S. v. Zannino*, 895 F. 2d 1,17 (1st Cir. 1990). Furthermore, the mere filing of the petition under Chapter 7 is not "equivalent to an ordinary proceeding of liquidation of community [sic] property".[7] While a Chapter 7 Trustee is required "to perform the basic tasks necessary to liquidate the debtor's property, collecting the property of the estate and reducing it to money"[8], he may performed this task by abandoning an estate asset owned in common pursuant to 11 U.S.C. § 554; or he may liquidate Debtor's interest in such property by filing a complaint pursuant to 11 U.S.C. § 363(h). It is the filing of a complaint under § 363(h), not the filing of the bankruptcy petition, that initiates the liquidation of the estate's common interest in property.



---

[7] "The rules relating to the division of inheritances shall apply to the division amongst part – owners." 31 Laws of P.R. Ann. § 1285; *Montalván v. Rodríguez,* 161 D.P.R. 411 (2004).

[8] 6 *Collier On Bankruptcy*, § 704.01, p. 704-06 (15th ed. rev.).

WHEREFORE, we deny Trustee's motion to alter or amend judgment.

**SO ORDERED**, in San Juan, Puerto Rico, on April 15, 2008.

SARA DE JESUS
U.S. Bankruptcy Judge